(10 Misc. Rep. 40.)

### MOSER et al. v. PROVIDENCE WASHINGTON INS. CO.

(City Court of New York, General Term.    October 23, 1894.)

MARINE INSURANCE—FORFEITURE—CONTRACT IN VIOLATION OF TERMS.
The mere fact that the owners of an insured vessel agreed to carry goods to a point beyond the limits of their policy, and accepted freight therefor, does not avoid the policy, where they afterwards abandoned the trip before commencing it.

Appeal from trial term.

Action by Ralph C. Moser and another against the Providence Washington Insurance Company. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and NEWBURGER and FITZSIMONS, JJ.

Carpenter & Mosher, for appellant.

Hyland & Zabriskie, for respondent.

FITZSIMONS, J.  The plaintiffs insured in the defendant company their canal boat the A. D. Barber for the period of one year, commencing March 13, 1893; the boat to be confined to the general freighting business in the navigation of certain rivers and canals mentioned in the policy. The plaintiffs, desiring to carry a cargo of iron boring and turning to Baltimore, which they could not do under the policy, applied to the defendant for the privilege of doing so, which was granted, as follows:   "Privilege of present trip New York to Baltimore and return to New York, with not exceeding 150 tons cargo on board either way."   Under the policy issued by the defendants, the plaintiffs had the right to carry any number of tons of freight within the waters named therein.   The freight that plaintiffs might carry to Baltimore was limited in the privilege just

mentioned to 150 tons.    When the plaintiffs read said limitation, they called upon the defendant, and claim that they stated that, if the limitation was not increased to 250 tons, they would abandon the proposed trip to Baltimore, and discharge the cargo; that they would not let their boat be moved until the policy was fixed.    From this statement it would appear that plaintiffs had abandoned the proposed trip to Baltimore, which they, of course, had a right to do.    They then might have discharged their cargo, or have transported it to any place within the limits prescribed by their policy, or allowed it to remain on board their boat until they found it possible to have the limit of 150 tons increased as they desired, and then have discharged it; and, if this testimony has not been contradicted, the direction of the learned trial justice to the jury to find a verdict in plaintiffs' favor was right.    The mere fact that plaintiffs agreed to carry to a point outside the limits of their policy, and contrary thereto, did not nullify the policy, even though they actually accepted freight in excess of their privilege under the policy, and in pursuance of such agreement, providing they elected not to carry out such contract before the commencement of the trip, which is their contention herein.    We find no contradiction of the plaintiffs' testimony just related, in the record submitted.    In fact, the defendant's agent testifies that, when he refused to increase the limit to 250 tons, one of the plaintiffs said, "I will wait until Monday morning to decide whether to take out 100 tons, or go uninsured," clearly showing that the plaintiffs did not intend to accept the privilege of the trip to Baltimore until Monday morning.    Before that time the boat was destroyed.    Thus, in our judgment, the privilege was not accepted, and never became operative.    Therefore, the trial justice was right in directing a verdict in plaintiffs' favor, the policy never having been avoided.    Judgment is affirmed, with costs.